This is an appeal by defendant Adolphe de Chambrun from the judgment the provisions of which are stated in the preceding opinion, *ante,* 809.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*H. B. Titus,* for appellant.    *Douglas Campbell* and *Edward Winslow Paige,* for respondent.

DANIELS, J.    The points which have been presented in support of this appeal have so far been considered and disposed of in the appeal taken by the heirs from the judgment as to render it necessary to add but little for the disposition of this appeal.    Neither the contract made between this defendant and the heirs, nor the construction of it adopted by the referee, has here been drawn in question; but it has been insisted that the parties whose rights as assignees have been held to be properly sustained by the referee should not be allowed payment of their demands out of the proceeds of the property.    No further consideration is necessary than that which has already been bestowed upon these points for their final disposition.    It has, however, been insisted that the court had no jurisdiction of this action, after the suit was brought and the judgment recovered in that suit in favor of Jean Albert Tauziede and another, directing the sale and disposition of the property.    But that objection is clearly without any foundation whatever; for the action in this manner referred to was commenced after the action in which the judgment appealed from was recovered, and the second action was in no manner interposed by way of defense to the first action.    Neither could such a defense have succeeded if it had been presented before the referee for his decision.    By the proceedings in the action commenced by Chester, to which all the parties were made defendants, a priority of right over the subject-matter was obtained.    Jurisdiction complete in all respects was in that manner secured; and no attempt was made, nor could it have been made, in the second suit, to interfere with that litigation, or to divest the referee or the court of the power to complete its hearing, and make a final disposition of it.    On the contrary, the judgment in the second suit has proceeded upon the conclusion that the judgment in the action tried before the referee was in all respects conclusive upon the rights of the parties, and it has directed a disposition of the proceeds of the property in conformity with the conclusions maintained by the judgment in this preceding suit.    By the present appeal no substantial reason has been presented for interfering with the decision in the other action, further than that which has already been directed and provided for by the disposition of the other appeal.    The judgment as to this appeal should accordingly be affirmed, but without costs to either party.    All concur.

---

### CHESTER *v.* GESNER.

(*Supreme Court, General Term, First Department.*    May 24, 1889.)

ASSIGNMENT—PRIORITIES.

An attorney assigned his interest in fees and moneys due for professional services involving property which was at the date of the assignment in the hands of a trustee for the benefit of the attorney and his clients, and the assignment contained a covenant that he had made no similar previous assignments.    He had in fact made several.    The assignment was on the same day recognized and accepted by the trustee.    *Held,* that neither the covenant nor the trustee's acceptance gave the assignee any priority over the preceding assignments.

Appeal from judgment on report of referee.

This is an appeal by Frances A. Gesner from the judgment the provisions of which are stated in the preceding opinion, *ante,* 809.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Thornton, Earl & Kiendl,* for appellant.    *Douglas Campbell* and *Edward Winslow Paige,* for respondent.

DANIELS, J. The appellant loaned to the defendant Chambrun $10,000 on the 31st of August, 1881, and in consideration thereof he assigned and transferred to her all his right and interest in and to the fees, and such moneys as should become due for services or compensation, in an action in the circuit court of the United States for the Southern district of New York, against Nelson Chase and others, and also all his right and interest to moneys due or to become due, for services or compensation under any settlement made with any or all of the defendants in that action; and he covenanted with her that he had not theretofore made or executed any assignment of these fees, or this compensation, to any person whomsoever, or any part or portion of the same. This assignment was on the same day accepted by the defendant Elliott, who held the property out of which the assigned demands were to be paid as trustee for the defendant Chambrun, and the heirs who were entitled to share in the proceeds of that property. This representation contained in the assignment, together with the acceptance of it, have been urged as giving the appellant a priority of payment over persons to whom preceding assignments had been made by Chambrun out of his interest in the estate but whose assignments had not been accepted by the trustee. These facts, however, in no manner legally distinguish the rights of the appellant from those of the other claimants, for they were not responsible for the untruthful representation of the defendant Chambrun that he had made no other assignment of his interest, or any part of it, to any other person. What he in this manner stated they in no way authorized, and they were not responsible for his acts or representations in this respect. Neither did the acceptance of the assignment by the trustee to whom the property had previously been conveyed vest any greater interest in the appellant, as between herself and the preceding assignees, than that derived by her from the assignment itself. The instruments preceding the execution and delivery of this assignment transferred to other persons fixed portions of the fund or property the defendant Chambrun had become entitled to receive. That, under the authorities, was the effect of the execution and delivery of the respective instruments preceding the assignment in this manner delivered to the appellant. This point has been considered already in the appeal taken by the heirs from this judgment, and the authorities have been there presented sustaining this conclusion.

The objection that interest was not legally allowed upon the amount found due, under the agreement of the defendant Chambrun with Chatfield, has been considered, and concluded not to be supported under the facts as they were found by the referee; but, upon the second claim allowed to the defendant Schermerhorn, it has been considered that interest should not have been allowed prior to the 3d of April, 1888, for the reason that no fund had previous to that time accrued out of which his $30,000 was payable, and that interest could not legally be allowed upon it until the time had arrived out of which it was entitled to payment from the proceeds of this property. The objection to the allowance of the claim in favor of Le Bourgeous, that the assignment transferred no interest to him, has arisen out of a misapprehension of the language of that assignment; for it did, in point of fact, transfer to him 7½ per cent. of the 47½ per cent. given to Chambrun, in the event of the recovery of the property for the Jumel heirs, and such a recovery as was contemplated for the consummation of these rights was secured by the adjustments which took place and were authorized by the power of attorney executed and delivered at the same time the agreement was made between the heirs and the defendant Chambrun. The objection to the allowance of 2½ per cent. upon the Griswold claim has already been considered in the principal appeal, and requires nothing further to be said upon that subject at this time. Neither can any more favorable disposition be made of the case in favor of this appellant than has already been suggested, by excluding interest upon the $30,000 allowed to the defendant Schermerhorn from the 28th of August,

1880, to the 3d of April, 1888. In that respect the judgment should be modified, and, as so modified, affirmed, without costs to either of the parties. All concur.